# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 18-3071** **September Term, 2018**

**1:18-gj-00041-BAH**

**Filed On:** April 23, 2019


In re: Grand Jury Subpoena,

**BEFORE:** Tatel and Griffith, Circuit Judges; Williams, Senior Circuit Judge

## O R D E R

A federal grand jury seeks information from a corporation ("the Corporation") owned by Country A and issued a subpoena directing the Corporation to produce that information. After the Corporation refused to comply (and moved unsuccessfully to quash the subpoena), the district court held the Corporation in contempt. The Corporation appealed, and we affirmed. See *In re Grand Jury Subpoena*, 912 F.3d 623 (D.C. Cir. 2019), *cert. denied*, No. 18-948, 2019 WL 286879 (U.S. Mar. 25, 2019).

Although our opinion affirming the contempt citation was publicly filed (albeit with redactions), virtually all filings in this appeal have remained under seal, in light of "our criminal justice system's longstanding commitment to grand jury secrecy." *In re Grand Jury Subpoena, Judith Miller* (*Miller I*), 438 F.3d 1138, 1139 (D.C. Cir. 2006) (citing *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 218 n.9 (1979)). The Reporters Committee for Freedom of the Press, however, argues that that seal may be lifted – at least, in part. We agree.

As we have previously noted, "[g]rand jury secrecy is not unyielding." *In re Grand Jury Subpoena, Judith Miller* (*Miller II*), 493 F.3d 152, 154 (D.C. Cir. 2007) (alteration in original) (quoting *Miller I*, 438 F.3d at 1140). The Federal Rules of Criminal Procedure require that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings" remain sealed only "*to the extent* and as long as *necessary* to prevent the unauthorized disclosure of a matter occurring before a grand jury." Fed. R. Crim. P. 6(e)(6) (emphasis added); see *Miller II*, 493 F.3d at 154. Thus, where the Rules authorize us to do so, we may – and should – release any information so long as it does not reveal the "'identities of witnesses or jurors, the substance of testimony' as well as actual transcripts, 'the strategy or direction of the investigation, the deliberations or questions of jurors, and the like.'" *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 499-500 (D.C. Cir. 1998) (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir. 1980) (en banc)) (defining the phrase "matters occurring before the grand jury").

*The merits briefs and the oral argument transcript.* The government and the Corporation have proposed redactions. But we have "rigorously scrutinized" those redactions, Reporter Committee's Statement of the Status of Related Matters 2 (Jan. 28, 2019), Doc. No. 1770420, and identified additional information that appears unlikely to reveal a matter occurring before the grand jury. That information is listed in the Appendix to this order filed under seal. Accordingly, we order the government to show cause why the information listed in the Appendix should not be unsealed.

In addition, we note that part of the oral argument in this case was conducted *ex parte*, see Oral Arg. Tr. 37-44, and that the government has proposed redacting the transcript from that portion of the oral argument in its entirety. This appears to go too far. We order the government to either (1) propose tailored redactions to the transcript from the *ex parte* session, or (2) explain why no information from that portion of the transcript can be unsealed.

*The record.* "On appeals from the district court," we "ordinarily" refer a motion "to unseal any portion of the record" to the district court. See D.C. Cir. R. 47.1(c). We do so here – with one exception: We order the government to propose redactions to the letter cited in the concurrence. See *Grand Jury Subpoena*, 912 F.3d at 637 (Williams, J., concurring) (citing Letter from Government to Corporation's Counsel (July 30, 2018), J.A. 31). We do so for two reasons. Unsealing the letter will permit the public to, first, see (in part) "what informed [our] reasoning," *Miller I*, 438 F.3d at 1140, and, second, scrutinize the government's assertion of power, see *Grand Jury Subpoena*, 912 F.3d at 635 (Williams, J., concurring) (explaining that the government's "theory of minimum contacts is . . . a bit outdated").

*The Corporation's Identity.* The Reporters Committee "requests that the government and the [Corporation] refrain from redacting [the Corporation's name] in [the] unsealed filings." Reply in Further Support of Mot. to Unseal 2 (Feb. 6, 2019), Doc. No. 1772302. To date, however, the Corporation's identity has not been publicly revealed; this information, therefore, has not "lost its character as Rule 6(e) material," *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 505 (D.C. Cir. 1998) (quoting *In re North*, 16 F.3d 1234, 1245 (D.C. Cir. 1994)), and must, for that reason, remain under seal, see Fed. R. Crim. P. 6(e)(6).

*Other Motions.* The Reporters Committee has requested only "the briefs, record, and oral argument transcript." Mot. to Unseal 23 (Jan. 9, 2019), Doc. No. 1767730. But we believe the benefits of public scrutiny extend to other filings as well – particularly, to the government's attempt to bar the Corporation's attorneys from publicly identifying themselves. We therefore order the government to propose redactions to the (1) Government's Opposition to Motion for Leave to File Public Response to Motion to Unseal (Jan. 23, 2019); (2) Government's Response to Supplemental Reply in Support of Motion for Leave to File Public Response to Motion to Unseal (Jan. 28, 2019); (3) Government's Supplemental Response to Motion for Leave to File Public Response to Motion to Unseal (Jan. 31, 2019); (4) Country A's Motion to File Publicly its Response to the Reporters Committee For Freedom of the Press's Motion to Unseal (Jan. 16, 2019); (5) Country A's Reply Supporting its Motion for Leave to File Response Not Under Seal (Jan. 23, 2019); and (6) Country A's Supplement to Reply Brief Supporting its Motion for Leave to File Response Not Under Seal (Jan. 25, 2019).[1] The government need not propose redactions to any appendixes.

---

[1]Although the captions of documents 4, 5, and 6 refer to "Country A," the documents were filed by the Corporation.

In light of the foregoing, it is, on the court's own motion,

**ORDERED** that the government show cause, by 4:00 p.m. on Friday, May 3, 2019, why the information listed in the Appendix to this order should not be unsealed. The Corporation is permitted, but not required, to file a response by 4:00 p.m. on Tuesday, May 7, 2019. The government and the Corporation are directed to file any submission(s) under seal. It is

**FURTHER ORDERED** that the government either (i) propose redactions to the oral argument transcript from the *ex parte* session, see Oral Arg. Tr. 37-44, or (ii) explain why no information from that session can be unsealed. The government is directed to file, by 4:00 p.m. on Friday, May 3, 2019, a status update and an estimate for when the government can file the proposed redactions or explanation. The government is directed to file its submissions under seal and *ex parte*. It is

**FURTHER ORDERED** that the Reporters Committee's request to unseal the record be referred to the district court. See D.C. Cir. R. 47.1(c). The Clerk is directed to transmit a copy of this order to the district court. It is

**FURTHER ORDERED** that, by 4:00 p.m. on Friday, May 3, 2019, the government propose redactions to the (1) Government's Opposition to Motion for Leave to File Public Response to Motion to Unseal (Jan. 23, 2019); (2) Government's Response to Supplemental Reply in Support of Motion for Leave to File Public Response to Motion to Unseal (Jan. 28, 2019); (3) Government's Supplemental Response to Motion for Leave to File Public Response to Motion to Unseal (Jan. 31, 2019); (4) Country A's Motion to File Publicly its Response to the Reporters Committee For Freedom of the Press's Motion to Unseal (Jan. 16, 2019); (5) Country A's Reply Supporting its Motion for Leave to File Response Not Under Seal (Jan. 23, 2019); and (6) Country A's Supplement to Reply Brief Supporting its Motion for Leave to File Response Not Under Seal (Jan. 25, 2019). The Corporation is permitted, but not required, to file a response by 4:00 p.m. on Tuesday, May 7, 2019. The government need not file proposed redactions to any appendixes. The government and the Corporation are directed to file any submission(s) under seal.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Lynda M. Flippin
Deputy Clerk