# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 18-3071**                                          **September Term, 2018**

                                                                 **1:18-gj-00041-BAH**

                                    **Filed On:** June 7, 2019

In re: Grand Jury Subpoena,


      **BEFORE:**    Tatel and Griffith, Circuit Judges; Williams, Senior Circuit Judge

## O R D E R

      A federal grand jury seeks information from a corporation ("the Corporation") owned by Country A. After the Corporation refused to comply with a subpoena for that information, the district court held the Corporation in contempt – and we affirmed. See *In re Grand Jury Subpoena*, 912 F.3d 623 (D.C. Cir.), *cert. denied*, 139 S. Ct. 1378 (2019). Given the nature of grand jury proceedings, most of the filings in this case have remained under seal. Until now.

      On April 23, 2019, we agreed with the Reporters Committee for Freedom of the Press that the seal may be lifted – at least, in part. We explained that we would release any information so long as it did not reveal "a matter occurring before a grand jury," Fed. R. Crim. P. 6(e)(6) – namely, the "identities of witnesses or jurors, the substance of testimony as well as actual transcripts, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like," Per Curiam Order at 1 (Apr. 23, 2019), Doc. No. 1784227 (internal quotation marks omitted) (quoting *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 499-500 (D.C. Cir. 1998)).

      As we explained in our April 23, 2019 order, although the government and the Corporation proposed redactions to the merits briefs and the oral argument transcript, we scrutinized those proposed redactions and "identified additional information that appears unlikely to reveal a matter occurring before the grand jury." *Id*. Accordingly, we ordered the government to show cause why that information (listed in a sealed appendix to our April 23, 2019 order) should not be unsealed. See *id*. at 1, 3. In response, the government conceded that it "generally does not oppose unsealing" the listed information. Gov't's Submission Regarding Unsealing at 2 (May 3, 2019), Doc. No. 1786021. (The Corporation did not object.) The government did, however, explain why "two categories of listed information should remain under seal." *Id*. We are satisfied with the government's response – at least while the grand jury investigation is ongoing. We thus, as detailed below, order the parties to publicly file the proposed redacted versions of their briefs and the transcript (with certain exceptions).

# United States Court of Appeals
### For The District of Columbia Circuit

_____

**No. 18-3071**                                          **September Term, 2018**

      As for the transcript from the ex parte session, the government concedes that the "transcript contains information that could be unsealed." Gov't's Ex Parte Submission Regarding Unsealing of Ex Parte Oral Argument Transcript at 2 (May 3, 2019), Doc. No. 1786020. Accordingly, the government is ordered to propose redactions to the transcript from the ex parte session by Friday, July 12, 2019, but may request more time. We are filing instructions concerning these redactions under seal and ex parte.

      This brings us to the record. In our April 23, 2019 order, we referred the Reporters Committee's request to unseal the record to the district court, see D.C. Cir. R. 47.1(c) – with one exception. We ordered the government to propose redactions to the letter cited in the concurrence, see *Grand Jury Subpoena*, 912 F.3d at 637 (Williams, J., concurring) (citing Letter from Government to Corporation's Counsel (July 30, 2018), J.A. 31), which it did on May 3, 2019. The proposed redactions appear to be proper and the Corporation has not objected, so we order the government to file publicly its proposed redacted version.

      We turn next to other motions filed in this court. Excluding appendices, we ordered the government to propose redactions to the (1) Government's Opposition to Motion for Leave to File Public Response to Motion to Unseal (Jan. 23, 2019); (2) Government's Response to Supplemental Reply in Support of Motion for Leave to File Public Response to Motion to Unseal (Jan. 28, 2019); (3) Government's Supplemental Response to Motion for Leave to File Public Response to Motion to Unseal (Jan. 31, 2019); (4) Country A's Motion to File Publicly its Response to the Reporters Committee for Freedom of the Press's Motion to Unseal (Jan. 16, 2019); (5) Country A's Reply Supporting its Motion for Leave to File Response Not Under Seal (Jan. 23, 2019); and (6) Country A's Supplement to Reply Brief Supporting its Motion for Leave to File Response Not Under Seal (Jan. 25, 2019). The government has done so and the Corporation has not objected. The proposed redactions are appropriate; the government is ordered to file publicly its proposed redacted versions of these motions.

      Finally, we address the Reporters Committee's "request[] that the government and the [Corporation] refrain from redacting [the Corporation's name] in [the] unsealed filings." Reply in Further Support of Motion to Unseal at 2 (Feb. 6, 2019), Doc. No. 1772302. As we explained in our order of April 23, 2019, however, that request must be denied – at least for now. "Encompassed within the rule of secrecy" imposed by Federal Rule of Criminal Procedure 6(e) [are] "'the identities of witnesses.'" *Dow Jones*, 142 F.3d at 500 (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir. 1980) (en banc)). Accordingly, we must keep the Corporation's identity "under seal," Fed. R. Crim. P. 6(e)(6), unless and until the Corporation publicly discloses its identity, see, e.g., *Dow Jones*, 142 F.3d at 505 (noting that where a grand jury witness's attorney "virtually proclaimed from the rooftops that his client had been subpoenaed," this fact "lost its character as Rule 6(e) material" (internal quotation marks omitted)).

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 18-3071**                                    **September Term, 2018**

     The Reporters Committee responds that the Corporation "does not object to the public release of its identity[.]" Reply in Further Support of Motion to Unseal at 2 (Feb. 6, 2019), Doc. No. 1772302. And, as the Committee correctly observes, "the Federal Rules . . . expressly exempt the witness from the obligation of secrecy[.]" *Id*.; see Fed. R. Crim. P. 6(e)(2); see also Fed. R. Crim. P. 6 advisory committee's note, 1944 adoption, note to subdivision (e) ("The rule does not impose any obligation of secrecy on witnesses."). But in a March 27, 2019 hearing before the district court, the Corporation, through counsel, expressed a "prefer[ence] not to have its identity disclosed to the public," *In re Grand Jury Subpoena No. 7409*, No. 1:18-gj-0041-BAH, slip op. at 11 (D.D.C. Apr. 1, 2019) (quoting Hrg. Tr. 5:23-25 (Mar. 27, 2019)), as is its right, see, e.g., *In re Grand Jury*, 490 F.3d 978, 985 (D.C. Cir. 2007). So we cannot unseal the Corporation's name.

     We note, however, that the Corporation's counsel had previously expressed a wish to make a public statement concerning, though not revealing, the Corporation's identity. See Status Conf. Tr. 13:7-14, *In re Grand Jury Subpoena No. 7409* (D.D.C. Jan. 10, 2019); see also *id*. at 5:21-24. The government objected, and the district court issued an order barring the Corporation's counsel "from making any public statement or statement to the press . . . beyond the public information about the matter reflected in the public versions of the decisions of the D.C. Circuit[.]" *In re Grand Jury Subpoena No. 7409*, slip op. at 8 (D.D.C. Jan. 15, 2019). It is unclear to us how the facts have evolved since then. We take no position at this time on whether the district court's latter order is lawful or may be challenged (or by whom).

     In light of the foregoing, it is,

     **ORDERED** that the Reporters Committee's motion to unseal be granted in part and denied in part. It is

     **FURTHER ORDERED** that, by 4:00 p.m. on Friday, June 21, 2019, the government publicly file its proposed redacted versions of its merits brief and the oral argument transcript. The government is instructed to unredact the information listed in the sealed appendix to this order. The government need not unredact any portion of the index to the transcript. It is

     **FURTHER ORDERED** that, by 4:00 p.m. on Friday, June 21, 2019, the government publicly file its proposed redacted version of the Letter from Government to Corporation's Counsel (July 30, 2018), J.A. 31. It is

     **FURTHER ORDERED** that, by 4:00 p.m. on Friday, June 21, 2019, the government publicly file the government's proposed redacted versions of the Corporation's merits briefs. The government is instructed to unredact the information listed in the sealed appendix to this order. It is

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 18-3071**                                                  **September Term, 2018**

      **FURTHER ORDERED** that, by 4:00 p.m. on Friday, July 12, 2019, the government propose redactions to the transcript from the ex parte session. The government may request additional time. The government is directed to file the proposed redactions in accordance with the directions in the sealed ex parte appendix to this order. It is

      **FURTHER ORDERED** that, by 4:00 p.m. on Friday, June 21, 2019, the government publicly file its proposed redacted versions of the (1) Government's Opposition to Motion for Leave to File Public Response to Motion to Unseal (Jan. 23, 2019); (2) Government's Response to Supplemental Reply in Support of Motion for Leave to File Public Response to Motion to Unseal (Jan. 28, 2019); (3) Government's Supplemental Response to Motion for Leave to File Public Response to Motion to Unseal (Jan. 31, 2019); (4) Country A's Motion to File Publicly its Response to the Reporters Committee for Freedom of the Press's Motion to Unseal (Jan. 16, 2019); (5) Country A's Reply Supporting its Motion for Leave to File Response Not Under Seal (Jan. 23, 2019); and (6) Country A's Supplement to Reply Brief Supporting its Motion for Leave to File Response Not Under Seal (Jan. 25, 2019). It is

      **FURTHER ORDERED** that the Reporters Committee's request that the court instruct the government and the Corporation to refrain from redacting the Corporation's identity be denied without prejudice.

**<u>Per Curiam</u>**

                                           **FOR THE COURT:**
                                           Mark J. Langer, Clerk

                           BY:     /s/

                                             Michael C. McGrail
                                             Deputy Clerk